

CONTINENTAL CASUALTY COMPANY,
Plaintiff-Appellant,

v.

BENTON AND COMPANY, Inc., et al.,
Defendants-Appellees.

No. 71–1477.

United States Court of Appeals,
Fifth Circuit.

Sept. 30, 1971.

Harry Kemker, Trenam, Simmons, Kemker, Scharf & Barkin, Tampa, Fla., for plaintiff-appellant.

Leonard W. Cooperman, St. Petersburg, Fla., for defendant-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

PER CURIAM.

Affirmed. See Local Rule 21.[1]

Elmer M. Jones, Pryor, Riley, Jones & Walsh, Burlington, Iowa, John W. Carty, Winfield, Iowa, Robert J. Crane, Burlington, Iowa, for appellant.

Issie L. Jenkins, Atty., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Harry Baum, Attys., Tax Div., Dept. of Justice, Washington, D. C., for appellee; Allen L. Donielson, U. S. Atty., of counsel.

Before VOGEL, GIBSON and LAY, Circuit Judges.

DES MOINES COUNTY FARM SERV-
ICE COMPANY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 71–1153.

United States Court of Appeals,
Eighth Circuit.

Oct. 5, 1971.

PER CURIAM.

This is a suit instituted by Des Moines County Farm Service Company, a non-exempt (under Subchapter T of the Internal Revenue Code of 1954, 26 U.S.C. § 1381, et seq.) marketing and purchasing farmers cooperative organization seeking refunds on federal income taxes paid by it for fiscal years 1964 and 1965. The issue on appeal was stipulated by the parties as follows: "Whether in computing [taxpayer's] allowable patronage dividend deduction for federal income tax purposes, cash

---

1. See N.L.R.B. v. Amalgamated Clothing Workers of America, 5th Cir. 1970, 430 F.2d 966.

dividends on capital stock may be deducted solely from [taxpayer's] non-member and non-patronage income, thereby increasing the amount of net income available for patronage dividends to members, as provided by [taxpayer's] By-Laws, or whether cash dividends on capital stock must be deducted from member, non-member and non-patronage income on a ratable basis, thereby reducing the amount of net income available for patronage dividends to members, as contended by the United States."

The District Court, in a well-considered opinion by Stephenson, Chief Judge, denied the refund.

Because we are in complete agreement with Chief Judge Stephenson's opinion as published in 324 F.Supp. 1216, 1971, S.D.Iowa C.D., we affirm on the basis thereof.

Affirmed.

**Robert NICHOLSON, Appellant,**

v.

**Maurice H. SIGLER, Warden, Appellee.**

**No. 71–1140.**

United States Court of Appeals, Eighth Circuit.

Sept. 30, 1971.

L. Bruce Wright, Lincoln, Neb., for appellant.

C. C. Sheldon, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before VAN OOSTERHOUT, HEANEY and ROSS, Circuit Judges.

PER CURIAM.

This is an appeal by Robert Nicholson, a Nebraska State prisoner serving the State sentence imposed on his plea of guilty to charges of assault with intent to commit rape and armed robbery, from final order denying his federal court petition for habeas corpus relief.

The facts, the issues and the applicable law are fully and fairly stated in Judge Urbom's well-reasoned opinion reported at 325 F.Supp. 957. We affirm upon the basis of such reported opinion.

The same material issues are raised in Maddox v. Sigler, 8 Cir., 445 F.2d 269, decided subsequent to the trial court's decision in the case before us. Maddox was charged with the same crimes arising out of the same transactions involved in the present appeal. Maddox at the State trial was represented by the same court-appointed counsel and entered a voluntary plea of guilty. We affirmed the dismissal on the basis of Judge Urbom's opinion reported at 325 F.Supp. 978.

The only distinction of substance between the *Maddox* case and our present case is that Nicholson makes the additional contention that he lacked mental capacity to enter a voluntary plea of guilty and that court-appointed coun-